FILED
APR 15 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**JEFFREY BRANDENBURG**                         06-CV-1431-BR

       Plaintiff,                          OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

       Defendant.


**ALAN R. UNKELES**
Alan R. Unkeles, P.C.
1865 N.W. 169th Place
Beaverton, OR  97006
(503) 531-3944

       Attorneys for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**BRITTANIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1024


1 - OPINION AND ORDER



four of 42 U.S.C. § 405(g).

On January 18, 2008, Plaintiff filed an Application for Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in which he requested fees in the amount of $5,874. Defendant did not object. On January 24, 2008, the Court issued an Order in which it awarded attorneys' fees under the EAJA to Plaintiff's counsel in the amount of $5,874.

On October 15, 2008, the Commissioner issued a notice to Plaintiff's counsel indicating $19,763, which represents 25 percent of the $79,052 in retroactive benefits awarded to Plaintiff, was being withheld in anticipation of an attorneys' fee award. In addition, the notice indicated the Commissioner had already awarded Plaintiff's counsel $5,300 in attorneys' fees under § 406(a) for representation of Plaintiff at administrative proceedings before the agency.

On January 10, 2009, Plaintiff filed his unopposed Motion for Approval of Attorneys' Fees pursuant to 42 U.S.C. § 406(b) in which he seeks $14,463 in attorneys' fees for work performed in this matter before this Court.

On April 2, 2009, the Court, after noting the requested fee amount of $14,463 was $5,300 less than 25 percent of the benefits awarded to Plaintiff, requested Plaintiff's counsel to clarify the amount of his request. On April 9, 2009, Plaintiff's counsel advised the Court he had previously informed Plaintiff that he

was reducing his request for fees by $5,300 even though he knew his total fee for representing Plaintiff before this Court would be less than 25 percent of the benefits awarded to Plaintiff.

## **STANDARDS**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorneys' fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense." *Id.* at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht,* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Section 406(b), however, requires the court first to "determine whether a fee

4 - OPINION AND ORDER

agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue*, 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)(citing *Gisbrecht*, 535 U.S. at 807). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

In *Crawford v. Astrue*, the Ninth Circuit noted § 406(b) "'instructs courts to review for reasonableness fees yielded by [contingency fee] agreements.'" 545 F.3d 854, 862 (9th Cir. 2008)(quoting *Gisbrecht*, 535 U.S. at 808). In addition,

> [t]he methodology by which a district makes such reasonableness determinations is for that court to select in the exercise of its sound discretion. In making these determinations, it would be preferable for a district court to begin with the contingency-fee agreement and decrease from there, rather than increase from a lodestar calculation.

*Id.*

## DISCUSSION

### I. Attorneys' fee agreement.

Plaintiff states he entered into a contingent-fee agree-

5 - OPINION AND ORDER

ment in which he agreed to pay his attorneys the greater of (1) 25 percent of the past-due benefits resulting from Plaintiff's claim or (2) such amount as Plaintiff's attorneys were able to obtain pursuant to the EAJA. This type of contingency-fee agreement for 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases. *Gisbrecht*, 535 U.S. at 807.

## II. Reasonableness of attorneys' fees requested.

As noted, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors that a court may consider: the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits compared "to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel. *Id.* at 808. No single factor is dispositive. *Id.* The district court's decision with respect to a fee award "qualif[ies] for highly respectful review." *Id.*

Here Plaintiff requests fees of $14,463 under the contingency-fee agreement between Plaintiff and his counsel. A review of the record establishes Plaintiff's counsel was able to

6 - OPINION AND ORDER

awarded under the EAJA.  The net result of this exchange is that counsel is entitled to an additional $8,589 in attorneys' fees for the representation of Plaintiff before this Court.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Approval of Attorneys' Fees (#25) in the amount of **$8,589**, which represents a total fee award of $14,463 less $5,874 already received by counsel under the EAJA.  See *Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this 15th day of April, 2009.

  
_____  
ANNA J. BROWN  
United States District Judge

9 - OPINION AND ORDER